UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| In re ROBERTO DURAND, | Case No. 3:23-cv-00202-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Roberto Durand, an inmate in the custody of the Nevada Department of Corrections, has not filed a complaint and either paid the full $402 filing fee or filed a fully complete application to proceed *in forma pauperis* ("IFP") in this action. On June 5, 2023, this Court denied Durand's first and second IFP applications because he did not include an inmate trust fund account statement for the previous six-month period with either application, and the Court ordered Durand to file a complaint and either pay the full filing fee or file a new fully complete IFP application by August 4, 2023. (ECF No. 6.) The Court warned Durand this action could be dismissed if he failed to file a complaint and either pay the required filing fee or file a complete IFP application with all three documents by that deadline. (*Id.* at 2.) That deadline expired, and Durand did not file a complaint and either pay the required filing fee or file a fully complete IFP application. Durand instead filed a third IFP application that is incomplete because he again failed to include an inmate trust fund account statement for the previous six-month period. (ECF No. 7.)

**II.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002)). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without a complaint and a plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable

and further squander the Court's finite resources because Durand ignored the first order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

### III.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Roberto Durand's failure to file a complaint and either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with this Court's June 5, 2023, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Roberto Durand wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

DATED THIS 7th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE